CASE 5—INDICTMENT.—FEBRUARY 26.

## Combs v. Commonwealth.

APPEAL FROM POWELL CIRCUIT COURT.

1. COMPETENCY OF JURORS.—Although one of the jury may have been incompetent because not at the time twenty-one years of age, that fact, as expressly provided by sec. 2253, Ky. Stats., is not cause for setting the verdict aside; nor could exception have been taken therefor after the jury was sworn.

2. IMPEACHMENT OF WITNESS.—Before impeaching by general evidence the credit for veracity of a witness it must be shown by the impeaching witness that he knows the general reputation of the person in question among his neighbors, or what is generally said of him by those among whom he dwells or with whom he is

chiefly conversant; and the impeaching testimony must relate to his reputation among such persons. It was not competent, therefore, in this case to show the bad reputation of a witness in a county in which he had not resided, and among people whom it did not appear were his neighbors.

3. LIMITING TIME OF ARGUMENT TO JURY.—This court will not reverse upon the ground too short time was allowed for argument of counsel to the jury, unless satisfied the trial court has abused its discretion as to that matter.

Counsel were allowed upon the trial of appellant for murder three hours to each side, which, the contrary not appearing, this court must conclude was not so short time as to prejudice the substantial rights of the appellant.

A. T. WOOD FOR APPELLANT.

1. The court should have allowed the witnesses, Wm. Bryan and Wm. Thorp, to prove the reputation of Eubank for truth, they having fully qualified themselves.

2. The court erred to the prejudice of defendant in limiting the argument to three hours.

3. The convicts should not have been allowed to testify. (Civil Code, sec. 606, subsec. 8; Ky. Stats., sec. 1180.)

The court is asked to overrule the cases of Commonwealth v. McGuire, 84 Ky., 57, and Combs v. Commonwealth, 15 Ky. L. R., 660.

4. As one of the jurors was under twenty-one years of age, appellant has not had a fair trial by a jury of his peers, and the verdict is void. (Con. of Ky., sec. 7.)

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. The cases of Commonwealth v. McGuire, 84 Ky., 57, and Combs v. Commonwealth, 15 Ky. L. R., 660, are good law and should be adhered to.

2. Sec. 2253, Ky. Stats., settles the objection to the juror upon the ground that he was under twenty-one years old.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant, under an indictment for conspiring with Jim Combs, Jesse Barnett and Charles Wall, to murder John A. Rose, who was actually killed by Combs and Barnett, has been twice convicted and sentenced to confinement in the penitentiary for life, this being the second appeal.

Combs v. Commonwealth.

We need not state in detail facts proven on the last trial, as they were substantially stated in the opinion of this court on the first appeal. See Combs v. Com., 15 Ky. L. R. 660.

Two accomplices, Wall and Barnett, though already convicted of the offense, testified as witnesses for the Commonwealth at the last, as did one of them at the first trial. And as the question of their competency was made and decided on the former appeal it need not be again discussed.

The court below instructed the jury in the manner required by the Criminal Code in respect to necessity for corroboration of testimony of accomplices, and as there was competent evidence conducing to establish appellant's guilt, the verdict can be now disturbed, if at all, only upon ground of some reversible error of law occurring at the trial.

Although one of the jury may have been incompetent because not at the time twenty-one years of age, that fact, as expressly provided by sec. 2253 Ky. Statutes, is not cause for setting the verdict aside, nor could exception have been taken therefor after the jury was sworn. Another error, to which our attention has been called, is the refusal of the court below to permit witnesses to prove, as accused avowed they, if allowed, would do, that they were acquainted with the general reputation for veracity in Breathitt county, of a witness previously introduced by the Commonwealth, and that it was bad. Before impeaching, by general evidence, the credit for veracity of a witness, it must be shown by the impeaching witness that he knows the general reputation of the person in question among his neighbors, or what is generally said of him by those among whom he dwells, or with whom he is chiefly conversant. Greenleaf on Evidence, vol. 1, sec. 461. And the policy and justice of that rule is too manifest to

disregard, even if it had not been uniformly recognized by this court.

Breathitt county was not then nor had been prior to trial of accused residence of the witness whose reputation for veracity was attempted to be impeached, nor did the impeaching witness know or undertake to testify what was his general reputation among his neighbors. Consequently the evidence in question was properly rejected.

What length of time the ends of justice and rights of an accused party require should be allowed for argument to the jury on a criminal trial must from necessity be generally left to the sound discretion of the trial court; otherwise, an undue portion of the time of a court might be needlessly consumed in trial of one cause, to detriment of other business and rights of other parties. Therefore, this court will not reverse upon the ground too short time was allowed, unless satisfied that discretion has been abused. Counsel were allowed in this case three hours to each side, which, the contrary not appearing, we must conclude was not so short time as to prejudice substantial rights of appellant.

Judgment affirmed.