## Edward Scott v. Commonwealth.
## Estill Scott v. Commonwealth.

(Decided April 30, 1912.)

### Appeals from Fayette Circuit Court.

1. Criminal Law—Evidence of Particular Crimes.—It has been settled by repeated decisions of this court that it is not proper to inquire of a witness about particular crimes or offenses against the law that he has been charged with.

2. Criminal Law—Discretion of Court as to Arguments.—The time that shall be allowed counsel for the accused in criminal cases for argument is a matter largely in the discretion of the trial judge, and unless it clearly appears that this discretion was abused, it will not amount to reversible error.

J. FRANKLIN WALLACE for appellants.

JAMES GARNETT, Attorney General and CHARLES H. MORRIS, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellants were separately indicted under section 1201b, of the Kentucky Statutes, providing in part that—

"Any person who shall * * * appropriate to his own use, or to the use of another, any property in the possession of a common carrier for transportation or delivery, shall be guilty of a felony, and shall be pun-

ished by confinement in the penitentiary for not less than one nor more than five years."

The indictment in each case charged that the accused did unlawfully and wilfully convert to his own use a lot of coal, which was then in the possession for transportation and delivery of the Chesapeake & Ohio Railway Company, a railway corporation and common carrier and was sufficient. Commonwealth v. Braddus, 144 Ky., 225.

In the lower court the cases were tried together, and the jury found each of the defendants guilty, each being sentenced to the penitentiary for from one to five years.

As the same evidence was heard, and like questions of law raised, in each case in the lower court, the two appeals may be disposed of in one opinion.

The evidence for the Commonwealth was to the effect that the accused unlawfully took, and were in the act of carrying away, coal from a carload of coal then in the possession of the railway company for transportation and delivery. Although the accused testified that they were innocent, the evidence for the Commonwealth was very satisfactory that they were guilty of the crime charged.

On the trial, each of the accused was asked by the Commonwealth's Attorney these questions:

"Q. You are the man that testified the other day in the case against Thomas and Joe Doggins that you sold your registration certificate for $2?

"Q. You are the person who in connection with your brother sold your registration certificate to Joe Doggins for $2?"

Each of these questions was objected to, but the objection was overruled, and the witnesses answered each question in the affirmative. This evidence was incompetent. It has been settled by repeated decisions of this court that it is not proper to inquire of a witness about particular crimes or offenses against the law that he has been charged with. But, these incompetent questions did not prejudice the substantial rights of the accused, and so, do not entitle either of them to a reversal.

Complaint is also made of the action of the trial court in limiting the argument of counsel for the accused to ten minutes. The time that shall be allowed counsel for the accused in criminal cases for argument is a matter largely in the discretion of the trial judge, and unless it clearly appears that this discretion was abused it

will not amount to reversible error. In these cases the. facts were very few and simple. Only four witnesses in-- cluding the accused testified. In view of the briefness and simplicity of the evidence, the jury could have had no difficulty in remembering and understanding all the essential facts testified to. And while ten minutes is ordinarily a short time to allow for argument, we are very sure that counsel for the appellants could and did in that time present to the jury every reason that could be advanced why they should not be convicted. We can not say that this limitation upon the argument was prejudicial to the rights of the accused.

The grounds we have mentioned are the only ones assigned for reversal by counsel in brief, although. several others are mentioned in the motion for a new trial. We have examined with care the other grounds for a new trial, and do not find that any of them present a substantial reason why we should disturb the judg-- ment.

The judgment of the lower court in each case is affirmed.