## Stout v. Commonwealth.

(Decided May 7, 1912.)

### Appeal from Fayette Circuit Court.

Criminal Law—Argument—Discretion of Court as to.—The time allowed for argument is a matter in the discretion of the trial judge, and unless it affirmatively appears that this discretion has been abused to the prejudice of the accused, it will not amount to reversible error.

J. FRANKLIN WALLACE for appellant.

JAMES GARNETT, Attorney General and D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Clifton Stout, was indicted by the grand jury of Fayette County, charged with the crime

of unlawfully and feloniously breaking into a barn or outbuilding of the Indian Refining Company, a corporation, and stealing and carrying away therefrom articles of value, the property of the company, with the fraudulent intent to convert same to his own use and to deprive the owner of its property therein; and, upon a trial, was found guilty.

Only two witnesses were introduced, and they testified for the Commonwealth. There was no evidence for appellant, nor did he offer himself as a witness in his own behalf. The facts were few and simple, and the evidence for the Commonwealth established beyond a reasonable doubt that the accused was guilty of the crime charged.

The only ground urged for reversal is that the trial court limited the argument of counsel for the accused to ten minutes. We have ruled in a number of cases that the time that shall be allowed for argument is a matter in the discretion of the trial judge, and that unless it affirmatively appears that this discretion has been abused to the prejudice of the accused, it will not amount to reversible error. Combs v. Commonwealth, 97 Ky., 24; Harris v. Commonwealth, 25 Ky. Law Rep., 297; Scott v. Commonwealth, 148 Ky., 80. The trial court should, of course, allow counsel for the accused in every case reasonable time and opportunity to present the reasons why there should be an acquittal, but it is obvious that the time that should be allowed depends upon the facts and circumstances of each particular case. It is not to be altogether regulated by the number of witnesses that are introduced, as a very complicated state of facts might be presented by the testimony of a single witness. It is rather to be controlled by the simplicity of the facts and circumstances surrounding the transaction. In this case, the jury could have had no difficulty in making up their minds at the conclusion of the evidence. It is not apparent from reading the record what argument counsel for the accused could have made that would have helped the case for him, and we feel sure the court did not abuse its discretion in confining counsel to an argument of ten minutes.

The judgment of the lower court is affirmed.