## Allen v. Commonwealth.

(Decided June 17, 1930.)

SAM HURST and J. F. SUTTON for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS VEST for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

On May 2, 1916, the grand jury of Lee county returned an indictment against appellant, Charles Allen, and one Ben Murphy, jointly accusing them of murder by willfully, maliciously, and with malice aforethought shooting Harve Ross, from the effects of which he died. While incarcerated in jail upon that charge, appellant forcibly effected his escape and was not apprehended until some time in 1928, after a period of twelve years, when he was arrested in Richmond, Ind., and returned to Lee county for trial. In the meantime appellant's codefendant, Ben Murphy, died and a trial of appellant was had in the Lee circuit court on March 12, 1929, at which he was convicted of voluntary manslaughter and punished by confinement in the penitentiary for a period of five years. His motion for a new trial was overruled, and from that order and the judgment rendered on the verdict he prosecutes this appeal, and by counsel argues three alleged errors as grounds for reversal, and which are: (1) That the court erred in overruling appellant's motion for a peremptory instruction acquitting him of the charge; (2) that the verdict is flagrantly against the evidence; and (3) error of the court in improperly instructing the jury.

■ Ground 1 is bottomed exclusively upon the theory that there was no evidence showing that the crime

was committed in Lee county, and for that reason the venue of the court in that county was not established. We, however, cannot agree with counsel, since there are a number of facts, proven by a number of the witnesses who appeared and testified at the trial, from which the conclusion is inevitable that the homicide was perpetrated in Lee county, and this ground must therefore be denied.

■ In support of ground 2 it is argued that no witness expressly denied the immediate conditions at the time of the shooting (and which was done by appellant and not by his deceased codefendant Ben Murphy), as told by appellant in giving his testimony, and that his statement that he shot deceased in his necessary self-defense should be accepted as true, and which, if done, required the court to sustain appellant's motion directing a verdict of acquittal. We do not so construe the testimony of appellant so as to justify the conclusion drawn by his counsel, even if there was no other evidence or circumstance in the case directly contradicting and successfully refuting it. According to our interpretation of the evidence, and without repeating it in this opinion, the jury was abundantly authorized in rejecting his self-defense plea and in finding that the killing was without legal excuse. Having so concluded, it follows that this ground must also be denied.

■ Ground 3 presents a more meritorious question. The evidence discloses that the killing with which appellant is charged occurred some time in 1916, but prior to May 2 of that year, the day upon which the indictment was found and returned. At that time chapter 19, page 82, of the Sessions Acts of 1914 was in effect. It was an amendment to section 1136 of Carroll's Kentucky Statutes prior to that time, and is section 1136 of the 1915 edition of that publication. It, however, was amended by chapter 39, page 430, of the Sessions Acts of 1916, but which latter act had no emergency clause and did not take effect until ninety days after the adjournment of the Legislature. The 1914 act was therefore in effect when Harve Ross was killed by appellant. It provided, in substance, that the jury in a felony case should determine whether or not the defendant on trial was guilty and, if so, fix his punishment at a minimum period not less than the minimum one fixed by statute for the particular offense, and at a minimum period not greater than the one fixed in the same statute; but that both the min-

imum and maximum periods should be fixed and stated by the jury in its verdict.

The case of Albritten v. Commonwealth, 172 Ky. 274, 189 S. W. 204, was decided by this court on November 17, 1916, and it involved facts strikingly similar to those involved in this case. The involved crime in that case was murder the same as is here involved. It was committed in May, 1916, and before the statute enacted in that year took effect, and of course when the 1914 act was in full force. The court did not instruct the jury under the terms of the 1914 act, and for that reason alone the verdict of guilty of voluntary manslaughter, followed by a punishment at confinement in the penitentiary for twenty years, was reversed, the opinion saying, "The appellant should have been tried under section 1136, Kentucky Statutes, the law in force at the time of the commission of the crime," and which, in this case, would have required the trial court to instruct the jury under the indeterminate provisions of the 1914 statute in force at the time appellant killed his victim.

The Albritten case was followed on December 12, 1916, by the one of Teague v. Commonwealth, 172 Ky. 665, 189 S. W. 908, L. R. A. 1917B, 738, in which the same question was involved and it was similarly determined, and the same conclusion was reached in the case of Renaker v. Commonwealth, 172 Ky. 714, 189 S. W. 928, the opinion in which was rendered three days after the one rendered in the Teague case, and the applicable rule of practice determined in the Albritten and Teague cases was again-approved and followed in that opinion. Other cases of the same tenor will be found in the opinions referred to and which settle the correct rule to be as contended for by counsel for appellant.

In this case the court instructed the jury as it did in the three cases referred to under the terms of the 1916 act, which is our present law upon the subject, and which authorizes the jury to return a fixed and definite period of punishment in felony cases of a lower degree than murder, but within the maximum and minimum periods prescribed by statute.

It is therefore clear that, following the cases referred to, and others cited in those opinions, the court erred in the respects complained of in ground 3, and for that reason the judgment is reversed, with directions to grant the new trial, and for proceedings consistent with this opinion.