## Shorter v. Commonwealth.

(Decided June 7, 1935.)

FLEM D. SAMPSON for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

On March 29, 1933, Ned Tuggle was slain by Walter Shorter, for which Shorter was sentenced to life imprisonment. Upon appeal that judgment was reversed. See 252 Ky. 472, 67 S. W. (2d). 695. He has been tried again and has again been sentenced to life imprisonment. We will not restate the facts, and will now state and dispose of the grounds urged for reversal.

### The Refusal of a Continuance.

Shorter announced "not ready" and moved the court to continue his case because of the absence of his chief counsel, the Honorable J. M. Robsion, and on ac-

count of the absence of material witnesses, and filed his affidavit setting forth what the testimony of those witnesses would be if present. As to the absence of counsel, this which is copied from Shepherd v. Com., 82 S. W. 378, 26 Ky. Law Rep. 698, exactly pictures the situation here and affords a complete answer:

> "The counsel who was absent had some months before the trial been elected a representative in Congress, and at the time of trial was necessarily absent at the seat of government in his official capacity. Appellant had other counsel present at the trial, whose reputation and standing as an attorney at law is of the best, and whose conduct of the defense shows every evidence of painstaking and competent attention. If continuance as a matter of right could be had on such grounds, it might be impossible to bring one charged with crime to trial at all."

Shorter was represented in the trial court and in this one by a man of vast learning and experience gained from years of practice, as well as a long service as a circuit judge, as a member of this court, and as Governor of this commonwealth. The defendant's present plight is not the result of any lack of skillful representation, but has resulted from lack of favorable evidence.

As to the evidence of his absent witnesses, we know not what that would be, for the defendant has not brought here his affidavit filed in support of this motion.

#### Alleged Errors in Evidence.

Defendant complains because the commonwealth was allowed to introduce in rebuttal evidence that he says should have been given in chief. Several witnesses were allowed to testify to having met and talked with defendant after the homicide, and one of these testified defendant said to him, "I killed Big Ned." Another testified he said to him, "I killed Ned Tuggle a while ago." Another testified he said to her, "I killed Big Ned Tuggle a while ago, I killed him with a shotgun." There were others to same effect. Every one of these admissions against interest could have been introduced in chief and similar admissions were so introduced, but as the defendant testifies he knew nothing from some time before the homicide until he came to himself in

jail, these admissions were admissible in rebuttal to disprove his alleged unconsciousness.

## The Bloody Shirt.

Defendant introduced the shirt he had on at the time of the homicide. It was torn in several places, but had very little blood upon it. Later, the commonwealth offered to introduce another shirt as the one worn by defendant at the time of the homicide. In his brief, defendant describes this second shirt as grimy, blood-stained, blood-clotted, gruesome, nauseating, etc., but the complete answer to all that is the court did not allow it to be introduced, and told the jury not to consider it for any purpose.

## The Instructions.

The defendant is complaining of the instruction upon his mental state at the time of the slaying, but as it is the same as the one given upon the former trial, there is no merit in this complaint. The court gave the usual self-defense instruction followed by a qualification denying that defense to him if he brought on the difficulty and thus made the danger to himself. We are not impressed by defendant's complaint of this, for the defendant does not contend he acted in self-defense; neither does any witness say he so acted. No weapon of any kind was found on or about the deceased. The defendant fired at Tuggle five times, and it was not until after the third shot that Tuggle started towards him.

## Limitation of Argument.

The court allowed forty minutes on a side for arguments. Defendant is complaining of that. The case of Scott v. Com., 148 Ky. 80, 146 S. W. 406, was affirmed and the argument had been limited to ten minutes, and the same is true of Stout v. Com., 148 Ky. 199, 200, 146 S. W. 407, and in the case of Teague v. Com., 172 Ky. 665, 189 S. W. 908, L. R. A. 1917B, 738, the question is reviewed and discussed. While about 60 different witnesses were introduced and some of them were recalled a time or two, and 406 pages of testimony were heard, still the determinative facts are few, no circumstantial evidence was involved, and the facts are simple, and without many contradictions. In Childers v. Com., 161 Ky. 440, 171 S. W. 149, 153, we said an hour on a side was not enough, but we also said:

"What is reasonable time must of necessity be left almost entirely to the discretion of the trial court, and it is only when this discretion has been plainly abused that we will interfere."

We are unable to say the judge abused his discretion in this case. The student will find in 16 C. J. p. 888, sec. 2224, a discussion of this question, and, under note 24, a list of cases involving the question, those where the limit was held reasonable being listed under subnote (a) on page 889, and on the same page under subnote (b) a list of cases where the time was held to be too short.

Judgment affirmed.