## Newsom v. Commonwealth.

March 3, 1942.

W. W. Barrett and P. K. Dameron for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellant was convicted of the crime of maliciously shooting and wounding Miram Cochran and sentenced to serve two years in the state reformatory. He contends that the verdict of the jury is contrary to law and is not sustained by sufficient evidence. As in most criminal cases presented to this court, the evidence introduced by the commonwealth is diametrically opposed to that introduced by the defendant.

The commonwealth rested its case on the testimony of the victim and her husband, Tilden Cochran, who was likewise wounded in the affray. Tilden testified that on the afternoon of the 6th of September, 1941, in company with his wife and some friends, he went to the home of Lula Hamilton, a sister of appellant. Mrs. Cochran and others there assembled engaged in dancing, while Tilden and appellant partook of a few drinks of liquor. The Cochrans retired to the front porch and while standing there, Estill Newsom, a nephew of appellant, struck Mrs. Cochran on the hip. Her husband told the boy not to do that any more, whereupon the boy drew a knife and called him a "son of a bitch." Cochran told him "to go back in the house while he was healthy." Cochran claims to have walked down the steps and to have started across the yard when Lula Hamilton came to the porch and inquired as to the cause of the trouble. He started to tell her, when Frank Newsom ran out of the house

and, without provocation, shot him in the stomach. Miram Cochran testified to the same state of facts and additionally that appellant shot her in the ankle. All the witnesses testified that both appellant and Cochran exchanged three or four shots and the Cochrans were the only ones wounded.

The testimony for the defendant is to the effect that Estill Newsom slipped while passing Miram Cochran, and, in doing so, threw out his hand to catch himself, unintentionally striking her on the hip. Cochran then pulled his gun and shot at the boy who ran into the house and told his aunt. His aunt, closely followed by appellant, went to the porch in an endeavor to entreat the Cochrans to leave the premises. As soon as appellant appeared on the porch, Cochran commenced firing at him, two bullets passing through his clothes, which he demonstrated to the jury, and one bullet striking Mrs. Cochran above the ankle. All of the witnesses agreed that during the shooting Cochran was either on the steps leading to the porch or in the yard, and, in either event, was approximately three feet below the level of the porch upon which Mrs. Cochran and appellant were standing at the time of the duel. Mrs. Cochran testified that the bullet entered above her ankle and ranged down, in proof of which she displayed the wound to the jury.

A verdict is not palpably against the evidence when it is reasonable for the jury to find from the facts and circumstances that the defendant is guilty, although such facts and circumstances are entirely opposite to the testimony of the witnesses for the defendant. The function of determining the ultimate fact from conflicting testimony is imposed by law upon the jury and if there is any substantial testimony which, if believed, would determine the guilt of the defendant, it is the duty of the court to render a decision sustaining the verdict. Shepherd v. Commonwealth, 236 Ky. 290, 33 S. W. (2d) 4. If the Cochrans spoke the truth, appellant was guilty, and the fact that Cochran on the night of the shooting had made the statement that he supposed he was the one who shot his wife does not have the effect of disproving his testimony as a matter of law. It was proper for the jury to consider this testimony for the effect, if any it had, upon Cochran's credibility as a witness. Sections 597 and 598, Civil Code of Practice. The court properly admonished the jury in this respect. The commonwealth's version

of the shooting was corroborated by the undenied proof of physical facts. Appellant was firing in a downward direction. Cochran was firing in an upward direction. The wound showed a downward range of the bullet which struck Mrs. Cochran. Because of these circumstances, we are of the opinion that the jury correctly determined the issue.

Wherefore the judgment is affirmed.