## Gillenwater v. Commonwealth.

Oct. 9, 1942.

**494**

Allen P. Cubbage, for appellant.

Hubert Meredith, Attorney General, and Frank A. Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and defendant below, A. E. Gillenwater, was convicted in the Breckinridge circuit court of having committed the offense denounced in Section 1166 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, i. e., that he unlawfully, willfully, maliciously and feloniously struck and wounded Jessie Maurice Kincheloe, which was done with an iron poker, alleged in the indictment to be a deadly weapon. His motion for a new trial was overruled, followed by his prosecuting this appeal seeking a reversal of the judgment. The grounds therefore, as contained in brief filed in this court by his counsel, are: (1) That the verdict is flagrantly against the evidence, and (2) improper and prejudicial remarks of prosecuting counsel during the progress of the trial. They will be considered and discussed in the order named.

1. Appellant operated a country store not far from Hardinsburg, the county seat of Breckinridge county. Late one afternoon, January, 1941, the wounded victim —Jessie Maurice Kincheloe—came to appellant's place of business and procured a sandwich, and was leaning against a counter eating it when appellant and his wife returned from a trip they had made in an automobile. When appellant entered his store building on his return from the trip he had made (he being absent when the prosecuting witness came to his store), he was wearing a cap of peculiar type, and which attracted the attention of Kincheloe, and he made some remarks with reference to it, but which were non-irritating. Defendant went to the heating stove located farther back in his store and procured an iron poker. He then returned to where the prosecuting witness was standing and assaulted him with the poker, inflicting severe wounds, one of which was the breaking of the jaw bone of the prosecut-

ing witness whose testimony sustained the brief narrative we have given as to how the offense with which appellant is accused was committed. Another witness supported that testimony up to the point immediately preceding the striking of the witness by appellant—the witness saying that he immediately left the store to keep from witnessing the apparently inevitable assault. Other circumstances and remarks made by appellant—though denied by him—were proven by witnesses testifying for the commonwealth. It was also proven, and admitted by appellant, that some time before the commission of the crime with which he was charged he expressly forbade the prosecuting witness from visiting his store at any time thereafter, and it is quite apparent from the record that from some cause bad blood existed between the two.

On the other hand, appellant testified that when he entered his store, following the trip of himself and wife, he went immediately to his heating stove in the rear part of the building for the purpose of replenishing the fire so as to create more heat, and while there the prosecuting witness left the place where he was standing and started towards appellant with a knife in his hand; that he practically reached the location of the stove where appellant was, but before he attempted to wound appellant with the knife the latter struck him with the poker, which was still in his hand, and that the striking with which he is charged was done in the exercise of his right of self-defense.

Two or three witnesses supported appellant in his testimony as to how the assault was made; but it was shown that proven remarks made by appellant, following the assault made by him on his victim were more or less vicious and indicated considerable anger on appellant's part. He also proved by witnesses testifying in his behalf that the prosecuting witness had made some threats prior to the occasion here involved, but which he denied, as did also appellant in his denial of the statements of several witnesses as to the vicious remarks made by him immediately following the assault. It will thus be seen that, aside from proven circumstances, and eliminating from the case all prior difficulties between the two, the testimony as to what happened at the immediate time of the assault on the prosecuting witness the testimony is and was conflicting, with a greater number of witnesses

supporting defendant's theory and his narrative as to how the assault occurred than those who testified for the prosecution, the disparity being such, as contended by counsel, as to justify and support the argument that the verdict is flagrantly against the evidence.

A number of domestic cases are cited, which are claimed to support counsel in making that contention, but an examination of them clearly demonstrates that the testimony of the prosecution in each of them went no farther than the creation of a surmise and were, therefore, insufficient to authorize a submission of the particular defendant's guilt or innocence. Here, we have the testimony of two witnesses, which, if true, clearly shows the guilt of appellant of the crime for which he was tried and convicted. In numerous cases—some of which are Milburn v. Commonwealth, 204 Ky. 691, 692, 265 S. W. 25; Hogan v. Commonwealth, 230 Ky. 680, 20 S. W. (2d) 710; Hendrickson v. Commonwealth, 232 Ky. 691, 24 S. W. (2d) 564; and Newson v. Commonwealth, 289 Ky. 677, 160 S. W. (2d) 4, 5—we declared that a verdict of a jury is not so palpably against the evidence as to authorize a reversal simply because the witnesses supporting it were out-numbered by those testifying to the contrary.

The correct rule in such circumstances is thus stated in the last cited case of Newson v. Commonwealth: "A verdict is not palpably against the evidence when it is reasonable for the jury to find from the facts and circumstances that the defendant is guilty, although such facts and circumstances are entirely opposite to the testimony of the witnesses for the defendant. The function of determining the ultimate fact from conflicting testimony is imposed by law upon the jury and if there is any substantial testimony which, if believed, would determine the guilt of the defendant, it is the duty of the court to render a decision sustaining the verdict. Shepherd v. Commonwealth, 236 Ky. 290, 33 S. W. (2d) 4."

So that, under the rule contained in that excerpt, we would not be authorized to hold that the verdict of the jury in this case was flagrantly against the evidence, even if it was considered alone upon the express testimony of eye-witnesses to the commission of the crime. However, as we have seen, bad blood existed between appellant and his victim to such an extent as to cause appellant to forbid his victim from thereafter entering his store. The alleged remarks of appellant (but which he

denied) immediately following the assault for which he was being tried revealed the condition of his mind against his victim so as to largely nullify his testimony that he only assaulted the prosecuting witness in the exercise of the right of self-defense. We, therefore, conclude that this ground, so confidently relied on to secure a reversal of the judgment, is not supported by the record.

The alleged remarks of counsel as the basis for ground (2), supra, authorizing a reversal of the judgment, came about in this way: Defendant introduced a witness to prove his reputation for peace and quietude and in the cross examination prosecuting counsel asked the witness if he was acquainted with the reputation of the prosecuting witness (which had not been attacked) among his neighbors and acquaintances—to which defendant's counsel objected, and which the court sustained. Later in the case another witness called to give similar testimony was asked the same question by prosecuting counsel, to which an objection was entered, and sustained, when prosecuting counsel remarked: "All right, if you don't want the jury to hear the answer, I will withdraw the question again," and the court admonished the jury not to consider that statement of the attorney and overruled appellant's motion for a discharge of the jury and continuing the case.

We have read a number of cases wherein the same error (improper remarks of counsel) was relied on for reversing the judgment of conviction of the defendant on trial, and we have found none of them sustaining appellant's contention that the remarks here complained of were prejudicial to defendant's rights, or sufficiently so as to require a reversal of the judgment of conviction. The facts are that counsel for defendant did not want the jury to hear the answer, and which was manifested by his objection to the question. Any harm that counsel's remark may have produced on the mind of the jury was sufficiently removed when the court admonished the jury not to consider it. That conclusion is amply supported by this court's opinions in the cases of Lake v. Commonwealth, 104 S. W. 1003, 31 Ky. Law Rep. 1232; Whitney v. Commonwealth, 74 S. W. 257, 24 Ky. Law Rep. 2524; Handly v. Commonwealth, 24 S. W. 609, 15 Ky. Law Rep. 736; Baker v. Commonwealth, 210 Ky. 524, 276 S. W. 550; and Shorter v. Commonwealth, 259 Ky. 818, 83 S. W. (2d) 483.

498

A greater number of other cases from this court could be cited wherein we held that remarks of counsel —no more prejudicial than those complained of in this case—did not call for a reversal of the judgment, and especially when the court admonished the jury to not consider them. The remarks here complained of, as we have previously stated, embodied only the truth of counsel's statement in intimating that defending counsel did not want the witness to answer the question that had been propounded to him. The complained of remark contained no intimation as to what the answer of the witness would be, and it, therefore, gave to the jury no sort of clue to convict appellant when it would not have done so but for the complained of remarks. It is apparent that this ground is also insufficient to authorize a reversal of the judgment.

Wherefore, for the reasons stated, the judgment is affirmed.