## Moore v. Commonwealth.

March 22, 1946.

852

J. B. Campbell for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Appellant, Roy Moore, was indicted under KRS 432.370 for forcibly escaping the Knox County jail while confined therein on a charge of house breaking. His trial resulted in a conviction with his punishment being fixed at confinement for one year in the penitentiary, and on this appeal he complains: 1, that his demurrer should have been sustained to the indictment; 2, that he used no force in breaking jail, hence under the statutes denouncing that offense he was entitled to a directed verdict; 3, that the judgment upon which he was confined in jail at the time of his escape was reversed by this court; therefore he was illegally confined and violated no law in escaping jail.

Moore was convicted in the Knox circuit court on November 5, 1943, of the offense of dwelling house breaking and his punishment fixed at confinement in the penitentiary for nine years. While his appeal from the judgment was pending in this court Moore and several others escaped from the Knox County jail on April 11, 1944. It does not appear that his escape was called to the attention of this court and on June 23, 1944, we reversed the judgment convicting him of house breaking, Moore v. Commonwealth, 298 Ky. 14, 181 S. W. 2d 413. Moore was apprehended, returned to jail, tried and

convicted on the indictment charging him with escaping jail, as above indicated.

The general demurrer to the indictment was properly overruled. It is provided in KRS 432.370(1) that one confined in jail on a sentence of imprisonment or under a capias who forcibly or by bribery effects his escape shall be imprisoned for not less than six nor more than twelve months; subsection (2) of 432.370 fixes the punishment at one year in the penitentiary for any person convicted of a felony who escapes jail. The indictment averred that the appellant "did unlawfully, wilfully and forcibly escape from jail, of Knox County, Kentucky, while confined therein for a violation of the Criminal and Penal laws of the State of Kentucky, towit: on a charge of house breaking."

It is apparent that the indictment did not charge appellant with a felony under subsection (2) of the applicable statute because it did not aver that he was being held in jail after having been convicted of a felony, but the indictment is sufficient to charge him with the misdemeanor under subsection (1) of the statute since it alleged he was confined in jail on a charge of house breaking, which is equivalent to charging that he was held in jail under a capias. However, the court instructed, not on the misdemeanor as charged in the indictment, but on the felony covered in subsection (2) of the statute, a higher crime than the one for which appellant was indicted. This was reversible error since one may not be convicted of an offense of a higher degree than that charged in the indictment. Criminal Code of Practice, sec. 265; Madden v. Commonwealth, 202 Ky. 782, 261 S. W. 273.

Counsel for appellant is in error in arguing that his client used no force in breaking jail and was entitled to a directed verdict under the opinion in Crosby v. Commonwealth, 242 Ky. 62, 45 S. W. 2d 822. Charles Miller, a fellow inmate in the jail with appellant at the time of escape, testified that Moore helped saw the bars protecting a window. This distinguishes the instant case from the Crosby opinion, which recites that Crosby took no part in digging the hole through which he and other prisoners escaped. Appellant in his brief makes a sharp attack upon Miller's credibility, arguing that as he was confined in jail on a charge of rape his testi-

mony is unworthy of belief. But the several witnesses who testified that Moore took no part in sawing the window bars were likewise confined in jail and no doubt the jury took into consideration the character of all the witnesses who testified, including appellant, in arriving at their verdict. Be that as it may, it is the province of the jury to pass on the credibility of the witnesses and the weight to be given their testimony, and we cannot override the verdict merely because the evidence is contradictory, or because a greater number of witnesses testified Moore had no connection with sawing the window bars. Mills v. Commonwealth, 299 Ky. 430, 185 S. W. 2d 689; Gillenwater v. Commonwealth, 291 Ky. 493, 165 S. W. 2d 35.

It is erroneously insisted by appellant that as his conviction for house breaking was reversed and our opinion said he was not guilty of that offense, Moore v. Commonwealth, 298 Ky. 14, 181 S. W. 2d 413, he was not legally held in jail at the time of his escape. Many cases are cited to sustain this position, but only one of which appears to us to be in point, State v. Pishner, 73 W. Va. 744, 81 S. E. 1046, 52 L. R. A., N. S., 369. The Supreme Court of West Virginia there held it was the intention of the legislature of that state in passing a statute somewhat similar to our KRS 432.370(2) that before one can be confined in the penitentiary for escaping jail after a felony conviction it was necessary that he be guilty of the felony for which he was incarcerated in jail at the time of his escape. Two of the judges dissented and the dissenting opinion points out that the appeal did not supersede the judgment of conviction but only operated as a stay of the proceedings pending the appeal, and at the time of the escape the prisoner was legally incarcerated after having been convicted of a felony. Many authorities are cited in the dissenting opinion and it strikes us as being more logical than the reasoning of the majority of the court.

This same question was presented to the Supreme Court of Mississippi in Jones v. State, 158 Miss. 366, 130 So. 506, 507. The Mississippi statute provides that the prison term imposed for escaping jail should not begin to run until the original term was served, hence it was argued that if the original conviction was reversed, there would be no original term to serve which shows the legislature never intended to punish one for

escaping unless he was guilty of the crime for which he was held in jail at the time of his escape. In rejecting this argument the Mississippi Court said: "While the appeal from the original judgment of conviction suspended the sentence to the penitentiary, the appellant was still lawfully in the county jail awaiting the beginning of that sentence, and same was not abrogated by the fact that he had prosecuted an appeal. It may be true that the appellant might have been indicted, tried, and convicted under the last-quoted section. The fact that the case was afterwards reversed could not affect or diminish his crime of escaping from the county jail while under a penitentiary sentence. For instance, he might escape from jail, and on the following week receive an absolute pardon from the Governor of the state for his original offense for which he was incarcerated; but the pardon of the Governor for the original offense would not abrogate, nor affect, in the slightest, the second crime of escaping from the jail while under a penitentiary sentence."

On another trial the court will instruct on the misdemeanor charged in the present indictment. Or should the Commonwealth desire, the indictment may be remanded to the grand jury, and in the event appellant is indicted for the felony provided in KRS 432.370(2), then substantially the same instructions will be given as were used on the former trial.

The judgment is reversed.