WALDEN, Judge.
Having considered the merits, we deny the Petition for Writ of Certiorari. It sought a review of certain orders of the Circuit Court.
By way of essential background, defendant was jailed pursuant to a judgment and sentence entered in Orlando Municipal Court. In 1970 he escaped. Thereafter he plead guilty to common law escape, a misdemeanor, and in 1971 was sentenced to the maximum imprisonment authorized by law. In 1972 the U.S. Supreme Court decided Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Defendant obtained a reversal of his original judgment and sentence because he — as an indigent — had been denied counsel, Argersinger v. Hamlin, supra. Defendant now seeks certiorari to obtain a reversal of his escape conviction and sentence. He argues that since Argersinger is retroactive, (see Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971) defining the reach of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)), and since the original municipal court judgment has been held void for failure to comply with Argersinger’s directives, the escape conviction is void because it is based on a void judgment and sentence. We disagree.
The question involved, simply, is whether an escape conviction based on incarceration under an uncounseled conviction can stand.
We are not unaware of cases in which evidence of uncounseled convictions was disallowed in subsequent actions; Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L. Ed.2d 319 (1967), in which it was deemed impermissible to utilize an uncounseled conviction to prove recidivism; Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed. 2d 374 (1972), in which uncounseled convictions could not be used for impeachment; U. S. v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), in which uncounseled convictions could not be taken into consideration for sentencing purposes; and State v. Davis, 203 So.2d 160 (Fla. 1967), in which an uncounseled prior conviction could not be used to support a recidivist conviction thereafter, when Davis was again convicted of a felony. In addition, defendant has urged that the instant case is analogous to those cases where it was held the charge of unlawfully resisting arrest can only be based on a lawful arrest or service of process. Licata v. State, 156 Fla. 692, 24 So.2d 98 (1945); Jackson v. State, 87 Fla. 262, 99 So. 548 (1924); English v. State, 293 So.2d 105 (4th D.C. A.Fla.1974); In the Interest of E. A. S. v. State, 291 So.2d 61 (1st D.C.A.Fla.1974); Rosenberg v. State, 264 So.2d 68 (4th D. C.AFla.1972); Kirby v. State, 217 So.2d 619 (4th D.C.A.Fla. 1969).
*524 However, the authorities are distinguishable because of the limited nature of the self-help theory. It is not the validity of the conviction that is crucial, it is the fact that defendant was validly incarcerated under a presumably valid conviction and sentence. Rothrock v. Wainwright, 286 So.2d 240 (4th D.C.A.Fla.1973).
Though resisting arrest is proper when there are no grounds for the arrest, the cases so holding are distinguishable. Once under legal incarceration a defendant must only avail himself of help through the court system. In addition, these cases may be distinguished because, although self-help may be allowed if there are no grounds for an arrest — self-help is not allowed if the arresting officer had reason to believe there was probable cause to arrest, even though subsequent assessment would prove the resulting charge insupportable. In comparison defendant here was validly incarcerated and his escape cannot be justified even though his original conviction is thereafter reversed. In State ex rel Wilson v. Culver, 110 So.2d 674 (Fla. 1959), the Supreme Court held:
“As noted above, under our statute the crime of escape is a substantive offense, and the punishment therefor is not merely incidental to the punishment for the offense for which the prisoner was confined at the time of his escape. Even though the indictment under which he was confined at the time of his escape is subsequently dismissed, Godwin v. United States, 8 Cir., 1950, 185 F.2d 411, or the conviction under which he was confined at the time of his escape is subsequently reversed or set aside on appeal, Commonwealth v. Nardi, 1958, 185 Pa. Super. 136, 138 A.2d 140; Moore v. Commonwealth, 1946, 301 Ky. 851, 193 S.W.2d 448, 163 A.L.R. 1134, the prisoner must nevertheless bear the penalty for the separate and distinct offense of escape.”
See, 12 Fla.Jur., Escape § 5 (1975).
By way of final comment, it is our judgment that dictates of public policy and safety stand in the way of petitioner’s request for relief. It would be an unfortunate rule which would encourage an inmate to attempt escape with the predictable possibilities of violence and death to police officers and other inmates and of general prison disruption. If a prisoner under a subsisting judgment of conviction feels there has been a change in the law entitling him to release, he should seek it via legal channels provided by the state. That’s what they are for. He shouldn’t be encouraged to break jail on the chance that he will be legally excused if his conviction should be later set aside.
Thus, we hold that there can be no self-help for one held under valid incarceration when appropriate appellate review of the conviction for which he is held is available, or may be available in the future.
Certiorari denied.
OWEN, C. J., and DOWNEY, J., concur.