JOHN HANEY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—178. Reported in full, Vol. 5—203.]

**Homicide—Instructions.**

In a homicide case where there is some evidence that the offense was committed in self-defense, and the court instructs the jury on the law of self-defense, it should instruct that the right of self-defense depended upon the real or apparent danger as it reasonably appeared to the accused as he was then situated.

**Dying Declarations as Evidence.**

In order that dying declarations may be introduced by the state against the accused, they should be confined to facts and can not be allowed to extend to mere matters of opinion; but where the declaration is offered by the accused it should be permitted from necessity and for the reason that the deceased is so likely to be telling the truth when he in the presence of approaching death declares himself to have been alone blamable and his slayer excusable.

**Opinion Expressed in Dying Declaration.**

A dying declaration, which is an expression of the deceased's opinion that the accused was blameless, is admissible in behalf of an accused to explain the intent and motive with which he was actuated in the part he played, and will always aid the jury in

understanding the true nature and object of his acts as proved by other witnesses.

**Opinion Evidence.**

While it is the general rule that matters of opinion or belief are excluded as evidence, an exception is made allowing the declarations of the deceased, in a homicide case, in behalf of the accused, where they will explain the acts and conduct of the deceased or show his feelings, motive, intent or belief, when they are essential to qualify or aggravate his conduct.

## APPEAL FROM LYON CIRCUIT COURT.

### June 12, 1883.

OPINION BY JUDGE HARGIS:

The appellant, John Haney, having been convicted and sentenced to the penitentiary for life upon the charge of murder, has appealed to this court and seeks a reversal, first, because the circuit court misinstructed the jury; second, because the dying declarations of Albert Cracey were excluded from the jury.

The instructions were too numerous, and should not have recited on their face at whose instance they were given, but taken as a whole we see no error of law in them except they fail to tell the jury that the right of self-defense depended upon the real or apparent danger as it reasonably appeared to the accused as he was then situated, and in effect told the jury if they believed, as matter of fact, there was other real or apparent means of escape than to kill the deceased, then it was his duty to adopt such means of escape. It was calculated to confuse the jury, as was done in instruction number five, relative to the effect of threats alone, although the fact of the deadly assault by the deceased with the brick was recited in a subsequent instruction. If any recitation of the threat, assault and character of deceased for violence should have been made in any of the instructions it ought to have been done in the eighth instruction, wherein the jury were attempted to be informed as to the state of case which would authorize the accused to stand his ground and use force before he was actually assaulted.

The evidence of the attending physician and others showed that the deceased was in extremis, and knew it, when he declared that "I brought it all on myself; I did not blame John Haney for shooting

me; I alone was to blame. I did not think the negro would kill me; I brought it all about myself; I was to blame for the whole thing." Whether these declarations were admissible in appellant's favor is the question on this part of the case presented by his counsel.

The deceased had, a few hours before he was shot, stealthily committed a deadly assault upon the appellant with a brick-bat, and swore he intended to kill him, and a few seconds before the shooting was seen approaching the appellant, cursing him and once stooping down as if to pick up something. The witness who saw him thus approaching the appellant was a woman. She fled, and in a few seconds heard the shots. No eye witness was present and saw the fatal shot fired, but two witnesses were near and saw the retreat of the deceased and pursuit by appellant who was shooting at him.

Greenleaf on Evidence (14th ed.), § 159, lays down the general rule in this language: "The declarations of the deceased are admissible only to those things to which he would have been competent to testify if sworn in the cause. They must, therefore, in general, speak to facts only, and not to mere matters of opinion; and must be confined to what is relevant to the issue. But the right to offer them in evidence is not restricted to the side of the prosecutor; they are equally admissible in favor of the party charged with the death."

In the case of *Rex v. Scaife,* 1 M. & Rob. 551, Coleridge, J., received as evidence the following dying declaration, viz.: "I don't think he would have struck me if I had not provoked him," observing when he admitted it that it might have an influence on the amount of punishment. This declaration was clearly the opinion of the declarant. It was held in the case of *Wroe v. State,* 20 Ohio St. 460, that a declaration that the wound inflicted upon the declarant was done without any provocation on his part was competent, because it related to fact and not opinion.

The cases of *United States v. Taylor,* 4 Cranch (U. S.) 338, Fed. Cas. No. 16436, and *Moore v. State,* 12 Ala. 764, 46 Am. Dec. 276, support the doctrine of *Rex v. Scaife.* Upon consideration of the authorities and the reasons for the general rule, which, in the first instance, is based on necessity, we conclude that where the declaration is offered against the accused to convict him it should be confined to facts, and not allowed to extend to mere matters of opinion; but in a case like the present, where the declaration is offered by the ac-

cused, it should be permitted from necessity, and because of that tender rgard which the law pays to life and liberty, and for the reason that the deceased is so likely to be telling the truth when he solemnly, in the hour and article of death, declares himself to have been alone blamable, and his slayer excusable.

Such declarations are not merely opinion; they were uttered by a participant whose opportunity for knowing whether he was to blame was greater than that of any one else, and explain the intent and motive with which he was actuated in the part he played, and exhibit those internal facts, constituted of feeling, motive and judgment, which will greatly assist the jury in understanding the true nature and object of his acts as proved by other witnesses.

To the general rule excluding matters of opinion or belief an exception should be made, allowing the declarations of the deceased in behalf of the accused where they will explain the acts and conduct of the deceased, or show his feelings or motives, intent or belief, when they are essential to qualify or aggravate his conduct. These are facts which, were he living, he could be compelled to testify to as a witness, and while they are generally treated, because of the mode of expression used, as utterances of opinion or belief, they are essential and original facts which go far to illustrate the motives, and give meaning to the acts of the declarant who speaks, in such instances, of his own acts, whose scope and effect he understands, and not those of the accused alone. The admission of such declarations can do no harm. Frauds can not be practiced under cover of the rule. There is not so much danger of misconception or perjury as where the declarant speaks from hostile feelings, surrounded by sympathizing friends, ready to construe his words as favorable to their own views as may reasonably be done.

We are, therefore, of the opinion that the declarations of the deceased which we have quoted were competent evidence, and should have been admitted. The judgment is *reversed* and cause remanded, with directions to grant appellant a new trial.

*F. A. Wilson, R. W. Wake, for appellant.*

*P. W. Hardin, for appellee.*