CASE 35—INDICTMENT—OCTOBER 27.

## Brock v. Commonwealth.

92   183
134   116

APPEAL FROM BELL CIRCUIT COURT.

A DYING DECLARATION may be received as evidence as well for the prisoner as against him, and any facts to which the deceased could testify, if alive, are admissible as his dying declaration.

As the testimony tended to show, upon the trial of appellant for murder, that the deceased, who had just made a violent assault upon D., was in the act of drawing his pistol upon the appellant when ap-

pellant fired, the appellant should have been allowed to prove that the deceased, when he had given up all hope of recovery, said that he "was wholly to blame for the difficulty and brought on the trouble himself, and did not want the accused prosecuted." Whether the deceased alluded to the origin of the difficulty with D., or to the drawing of the pistol on appellant, was a question for the jury.

D. I. LYTLE, JAMES D. BLACK for appellant.

The dying declaration of the deceased should have been admitted as evi-- dence for defendant.

W. J. HENDRICK, Attorney General, for appellee.

1. The refusal of the court to grant a continuance did not prejudice the appellant as other witnesses testified to the facts which he claimed he could prove by the absent witness.
2. There was no error in the admission of evidence or in the instructions to the jury.

JUDGE PRYOR delivered the opinion of the court.

The accused, Cale Brock, was indicted in the Bell Circuit Court for the killing of Michael Saylor and convicted. of manslaughter.

On his appeal we find a single error in the record that-necessitates a reversal. The deceased had originated a difficulty with some negroes, and a white man by the name of Doc Daniel seems to have interfered in behalf of the negroes and in such a manner as to excite the anger of the deceased. Daniel, while sitting on the ground near where all the parties had assembled, was approached from behind by the deceased, struck upon the head by him and knocked senseless, and kicked while in that condition. The appellant, Brock, as the testimony conduced to show, witnessing the assault made on Daniel, drew his pistol and shot the deceased, inflicting a wound that caused his death in a few days. The pistol seems to have been fired by the appellant after he had ceased to assault Daniel, but the testimony of the accused, that is to some extent cor--

roborated by others, is to the effect that the deceased was in the act of drawing his pistol on the appellant before the latter fired. The testimony on this point is, however, conflicting, and the attempt to reconcile it is not with this court but with the jury, and the judgment of conviction would be affirmed but for the rejection of testimony offered by the defense that we think was competent, and its exclusion prejudicial to the rights of the accused.

Bingham, a witness for the defense, was sworn and stated that he was with the deceased when he died, and the defendant offered to prove, and avowed he could prove, by this witness that when the deceased had given up all hope of recovery he said to the witness that he (the deceased) was wholly to blame for the difficulty and brought on the trouble himself, and did not want the accused prosecuted. This, the court said, was not competent. It was certainly not competent as a part of the *res gestæ*, the words having been spoken several days after the shooting, but it was competent as a dying declaration. Such declarations can be received as evidence as well for the prisoner as against him, and while a mere opinion or belief as to which of the parties was in fault would be incompetent, facts that the witness could testify to, if alive, would be admissible. The dying declaration is to the effect that the deceased brought on the difficulty, and whether he alluded to the origin of the difficulty with Daniel, or to the attempt to draw the pistol on the accused, was a question for the jury to determine; but as said by Mr. Russell in his Work on Crimes, 5th Edition, a declaration in favor of the accused by the dying man would not likely be made if untrue. The probability of its truth would be greater, as his hostility toward the

accused, by reason of the injury inflicted, might even control his declarations even in his dying moments.

In the case of Haney v. The Commonwealth, 5th Ky. Law Rep., 203, the deceased, when in extremis, declared " that he brought it on himself; he alone was to blame; I brought it all about myself." This court held that the statements of the deceased were admissible as dying declarations, as they conduced to show that the deceased was the aggressor. At last the weight and credit to be given this character of testimony is with the jury. It goes to them as other evidence, and upon the whole testimony they determine the guilt or innocence of the accused, and before a conviction can be had they must believe him guilty beyond a reasonable doubt.

For the error indicated the judgment is reversed and remanded for proceedings consistent with this opinion.