CASE 51.—PROSECUTION    AGAINST    JAMES    GARFIELD
SMITH FOR MURDER.—March 23.

## Smith v. Commonwealth

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Defendant convicted and appeals.  Reversed.

Criminal Law—Alibi—Instruction—Weight of Evidence—Under
Criminal Code, section 225, providing that the court on motion
"shall instruct the jury on the law applicable to the case,"
it is not proper for the court to instruct the jury on the weight
to be given to the evidence of an alibi, as this question should
be left exclusively to the jury.

WALLACE MUIR for appellant.

OPINION  OF  THE  COURT  BY  JUDGE  BARKER—
Reversing.

The appellant, James Garfield Smith, was jointly
indicted with John and Ed. Taylor by the grand
jury of Fayette county, charged with the murder of
William Moore.  His trial resulted in his being
found guilty by the jury as charged in the indict-
ment, and his punishment fixed at death.  Of this
judgment he now complains.

The facts in this case, from the Commonwealth's
point of view, are in all substantial respects similar
to those set forth in the opinion of this court on the
appeal of appellant's codefendant John Taylor,
which appears in 90 S. W. 581, 28 Ky. Law Rep. 819.
It is not necessary to again state them.  Instruction
No. 3, given by the trial court on the subject of

conspiracy, contains the same error for which the case of John Taylor was reversed, and this case must be reversed for the reasons given in that.

The court did not err in refusing to give the instruction offered by appellant on the subject of the weight to be accorded his evidence of an alibi, upon which he relied as a defense to the charge contained in the indictment. It has never been the practice in this State for the court to instruct a jury on the weight to be accorded to the evidence admitted; but, on the contrary, this question is left exclusively to their discretion. The instruction in question involved a violation of the rule uniformly enforced by this court, which prohibits the giving of undue prominence to facts or evidence. It is the duty of the trial court to instruct the jury on the whole law of the case, which includes, of course, when necessary or proper, definitions of the technical terms used, and while it is necessary, in order that this may be done intelligently, that the principles of law should be based upon the evidence adduced, the court should only state the facts in so far as necessary to illustrate, or furnish a basis upon which to rest the legal principles by which the jury are to be enlightened as to the rights and liability of the parties; and this must be done always without giving undue prominence to the particular facts involved.

It is not necessary, and therefore not proper, under our practice to refer to the evidence of an alibi to illustrate any legal principle. An alibi, in proportion as it is successfully established, tends to prove the accused not guilty, and when it is perfect it constitutes a good defense for the simple reason that, by showing the accused in a different place, it

excludes the possibility of his being at the scene of the crime, and this demonstrates his innocence. But the evidence of an alibi in no wise differs in legal effect from any other evidence which tends to show that the accused did not commit the crime with which he was charged. Sane men seldom, if ever, cimmit crime without a motive, and therefore evidence which tends to show that the accused had no motive to commit the crime with which he is charged tends to show him not guilty; but the court would not be justified in undertaking to state to the jury how much consideration should be given to the evidence of a lack of motive on the part of the accused to commit the crime. On the other hand, flight is considered, as a rule, some evidence of guilt; but it would not be proper under our practice for the court to award the Commonwealth an instruction directing the attention of the jury especially to the fact that it had been proved in the case that the accused had fled. Without making a careful examination, we hazard, the statement that, in nearly, if not quite, all of the States from whose courts the appellant has cited opinions holding it the duty of the court to especially instruct as to the value of an alibi there prevails the common-law practice which authorizes the court to orally charge the jury and to sum up the evidence. Where this is done, it is, of course, proper for the court to arrange and comment upon the evidence of an alibi, just as it arranges and comments upon all the other evidence in the case tending to show either the guilt or innocence of the accused. Sceiton 225 of the Criminal Code of Practice is as follows: "The court shall, on the motion of either party and before any argument to the jury, instruct the jury on the law applicable to the case, which

shall always be given in writing." This, in our opinion, precludes the grouping together of any particular facts in the evidence, or the giving them any undue prominence or emphasis, or of the court's in any wise commenting on, or weighing, the evidence adduced.

For the reasons given, the judgment is reversed for proceedings consistent with this opinion.