## Philpot v. Commonwealth.

(Decided November 21, 1924.)

### Appeal from Rockcastle Circuit Court.

1. Homicide—Dying Declarations Competent Only if they would be Competent if Coming from Living Witness.—Dying declarations are competent only if they would be competent if coming from a living witness, and are not competent if mere conclusions and not statement of facts.

2. Criminal Law—Witness may Not Give Conclusions as to Nontechnical Subject.—Witness may not testify to his conclusions as to nontechnical subject.

3. Homicide—"I have been Shot for Nothing," Inadmissible Conclusion, and Not Statement of Fact.—Statement, "I have been shot for nothing," was conclusion of deceased, and not statement of fact admissible as dying declaration.

4. Criminal Law—Conclusion of Deceased Not Admissible as Part of Res Gestae.—Declaration of deceased, "I have been shot for nothing," was conclusion not admissible as part of res gestae.

5. Criminal Law—Determination on Appeal that Evidence Incompetent Law of Case on Retrial.—Determination on appeal that certain testimony was incompetent was law of case on retrial.

6. Criminal Law—Prosecuting Counsel Cannot be Criticized for Arguing Matter Admitted by Court.—Prosecuting counsel cannot be criticized for arguing testimony which court admitted, though it was not competent.

C. C. WILLIAMS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The judgment of conviction, to reverse which this appeal is prosecuted, was the second one in this case. The first one was reversed in an opinion of the same style case reported in 195 Ky. 555, and the reason for the reversal, as well as the facts as testified to by the witnesses for both the Commonwealth and the defendant, are all fully set out in that opinion. It will, therefore, be unnecessary to restate the testimony of the witnesses as given on the last trial, since it was practically the same for both sides as it was on the first one.

The only ground upon which the first conviction was reversed was the erroneous admission in evidence of a

statement or statements made by the deceased after he was shot by the defendant in substance that "You (addressing the defendant) have killed me and killed me for nothing," or "You shot me for nothing," or "He (defendant) shot me and shot me for nothing." The former opinion held that the statements so made by the deceased were not shown by the record on the first trial to have been parts of the *res gestae*, nor were they made *in extremis* so as to be parts of a dying declaration, and none of them, therefore, was admissible. It was insisted on that appeal, however, that they were made in the presence of defendant and for that reason were admissible, but the opinion said in answer to that contention: "But that fact will not render them competent if they were mere conclusions of the deceased and not statements of fact. It is a rule of evidence that dying declarations are competent only if they would be competent as coming from a living witness, and it is equally well settled that it is not competent for a witness to give his conclusions as to a nontechnical subject. He must state the facts from which the jury is to draw conclusions. The statement, 'I have been shot for nothing,' was a conclusion and not a statement of fact. It represented Powell's conception of the facts and was manifestly inadmissible in evidence." The opinion then refers to the cases of Collins v. Commonwealth, 12 Bush 271; Jones v. Commonwealth, 20 Ky. L. R. 355, and Rooney v. Commonwealth, 193 Ky. 723, wherein the admissibility of identical statements contained in a dying declaration was denied upon the ground that even though they were *admissible* as a part of the dying declaration, or upon any other ground, such as *res gestae* or in the presence of the defendant, and therfore calling upon him for some sort of reply, yet they were not *competent in their substance,* because they expressed conclusions and not facts. And on that question our first opinion said:

"In those cases the statements were made as dying declarations, but in each case it was pointed out that dying declarations are competent only insofar as they would be competent were they made by a living witness, and that it would not have been competent for a living witness to say, 'He shot me for nothing,' since such a statement in its essence is a mere expression of the opinion or conclusion of the witness. This rule of evidence is elementary and,

where it is repeatedly violated on a vital issue in the case, prejudicial effect may be presumed. But in this case it can be seen at once that the testimony was prejudicial, for it was reiterated many times in the course of the trial and as repeated by each witness carried the added weight of a solemn declaration of one who conceived himself to be fatally wounded. For this reason the judgment must be reversed.''

It was only because of the wrongful admission of the statements made by the deceased that the first judgment was reversed.

The trial judge seems to have misinterpreted that opinion and to have construed it as upholding the *admissibility* as well as *competency* of all such statements as come within the *res gestae* rule, and that, since a number of the witnesses testified to such statements made under such circumstances as in the opinion of the court constituted them as parts of the *res gastae,* they were admitted over the objections and exceptions of defendant, who also at the close of the testimony moved the court ''to exclude from the jury all statements of the witnesses, who made the statement that Powell said he was shot for nothing.'' In response to that motion the court ruled: ''The court being of the opinion that only such declarations of this character as were made immediately after the shooting, and therefore part of the *res gestae,* have been permitted to go to the jury. The motion is overruled, to which defendant reserved exceptions.''

If the court so interpreted the opinion and for that reason admitted the statements, it was clearly in error as will be seen from the excerpts we have taken therefrom. They clearly point out, notwithstanding the evidence was admissible under any rule permitting its introduction, yet it was incompetent as expressive only of a conclusion of the one making the statement, and which conclusion, under the sharp issue made by the evidence in this case, we then held was prejudicial to the rights of the defendant for the reason explicitly stated in the opinion, and to which we may here add that the issue of guilt or innocence of the defendant was dependent upon whether or not he shot the deceased in his necessary self-defense. There was a sharp conflict of testimony upon that issue, and the jury had testimony before it to support a finding either way. It will, therefore, be seen that an incompetent conclusion of the deceased as to the groundless ac-

tion of the defendant in shooting him was not only calculated to inflame the passions of the jury, but also furnished an opportunity for a prejudicial closing argument by the prosecuting attorney which brief of counsel say was utilized, but there is nothing in the record to show that fact; nor do we intimate a criticism of counsel for doing so if it were a fact, since he had the right to argue the testimony which the court admitted. Since the former opinion in this case was delivered, we had the same question in the recent case of Davis v. Commonwealth, 204 Ky. 809. In that case the deceased expressed a conclusion in the presence of defendant, and we held that notwithstanding that fact it was error to admit its introduction, since the conclusion itself was incompetent. There seems to be no exception to that rule of practice. However, if there existed any doubt upon the point, the character of evidence referred to should have been excluded on the last trial under the "law of the case" rule, it having been held incompetent on the first appeal of the same case, and which rule applies to criminal prosecutions as well as to civil actions, as will be seen from the recent case of Steele v. Commonwealth, 199 Ky. 760.

We very much dislike to repeatedly reverse judgments rendered in the same case, but where our rulings and directions on the first appeal are for any reason not followed on a subsequent trial, and those rulings are upon material points, so as to render their nonobservance prejudicial, we have no other alternative but to again reverse the judgment with the hope that the error will not again occur. Upon another trial the court will sustain objections to any statements made by the deceased expressive of his conclusion as to why or the reasons for defendant shooting him; nor should the attorney inquire as to such statements, and if, perchance, a witness should so testify before objection entered the court will promptly exclude them from the consideration of the jury.

For the reasons stated, the judgment is reversed with directions to grant the new trial and for proceedings consistent herewith.