## Feldman v. Commonwealth.

(Decided March 8, 1935.)

278

STEPHENS L. BLAKLEY and BLAKELY & MURPHY for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

Appellant was found guilty, in the Campbell circuit court, of involuntary manslaughter and sentenced to two years imprisonment and fined $500. He appeals from the judgment on two grounds alone: (1) That the verdict was not based upon sufficient evidence; (2) that there was error in the instructions.

We think there is no merit in appellant's first contention. The proof indicated that about midnight on the night of November 26, 1933, the appellant was driving south on Monmouth street in the city of Newport, in a Ford V-8 coupe; that as he approached the intersection with Eleventh street, he cut through the driveway of the Standard Oil gasoline station, on the northwest corner, at a rapid rate of speed, and struck John Green, who was walking on the sidewalk on the Eleventh street side of the station. Mr. Green suffered a compound fracture of the left leg. He was immediately taken to the hospital, and on December 19 his leg was amputated. He died on December 22, 1933.

Appellant himself admits that he was traveling at a rate of speed of twenty miles an hour as he entered the gasoline station. He says that his view of the deceased was cut off by a post supporting the roof of the station and that he did not see Mr. Green until he was within five or six feet of him. He says that he immediately applied his brakes, but too late to avoid striking Mr. Green.

It will be observed that on appellant's own statement he was proceeding at such a rate of speed onto a sidewalk, where the presence of pedestrians was bound to be anticipated, that he could not stop his machine within the distance covered by his vision. We think the evidence amply sustained the verdict.

A more serious question is presented by appellant's objection to the instructions. There was evidence to the effect that decedent's death was brought about by lobar pneumonia, the result of an infection independent of the accident. The court, therefore, properly gave an instruction on assault and battery in addition to the regular instructions on voluntary and involuntary manslaughter. Divorced of all words not here material, the assault and battery instruction reads:

> "If the jury believe from the evidence, *beyond a reasonable doubt,* that * * * the defendant did unlawfully * * * run * * * against the deceased, John Green, with his automobile * * * knocking him to the street, * * * thereby injuring the deceased, *but from which injuries death did not ensue, but was caused from other causes,* then the jury will find the defendant guilty of assault and battery. * * *"

The effect of this instruction was to place the burden upon the defendant of showing beyond a reasonable doubt that the death resulted from causes other than the accident, whereas the burden properly was on the Commonwealth to show beyond a reasonable doubt that death ensued as a result of the accident.

We have repeatedly held that it is prejudicial error thus to shift the burden from the Commonwealth to the accused. Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164; Lee v. Commonwealth, 210 Ky. 410, 276 S. W. 127.

Judgment reversed.