## Justice v. Commonwealth.

(Decided Oct. 1, 1937.)

W. A. DAUGHERTY for appellant.

HUBERT MEREDITH, Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

On Saturday, April 17th of this year, Wedstel Justice so cut and wounded Noah Curry that he died therefrom on the following Friday. For this Justice was charged by indictment with murder, and when tried thereunder, he pleaded "self defense," which the jury disregarded and convicted him of manslaughter and fixed his punishment at sixteen years in the penitentiary, and Justice feeling he did not get justice has appealed. There is no need to detail the facts or to discuss but one of the alleged errors that occurred at the trial.

### The Reversible Error.

The defendant introduced Dr. Simon, the owner of the Mercy Hospital in Williamson, W. Va., at which Mr. Curry was treated for his injuries, and showed by the doctor that on one of his visits to Curry, made a day or so after Curry came to the hospital, this occurred:

"I just went down and visited the man like I visit every patient. I can't recall who was in the room with me but there was several other people and I asked him how he was getting along. I think I said to him, well I think you are doing fine, you should not worry, we will do everything possible in our power to help you and he started to curse a little bit and I said look here you better not curse, what you need is to pray, and he said, 'Well doctor don't fool me, I am sure I am going to die, and I know it.'

"Q. And what else did he say? A. He said that 'this wasn't this other fellow's fault. I don't want he should be prosecuted any because I am going to die and it wasn't his fault.'

"Plaintiff then moved the court to exclude from the consideration of the jury what he said about the trouble.

"The Court: I will let the jury hear it.

"Exception."

Dr. Simon named John Clark as one of those present when this occurred.

The defendant introduced Clark, and he testified he

worked at this hospital; that he knew Curry; was the John Clark Dr. Simon referred to, and was present when the conversation narrated by Dr. Simon took place and heard it; and that Mr. Curry said:

"He said, 'Doctor you can't fool me I am going to die, no use to tell me I am not,' said 'I am going to die.' He said he didn't want the fellow prosecuted it was his fault.

"The Court: What he said about not wanting the man prosecuted isn't competent, that doesn't throw any light on the case, it is not a question of whether he wanted a man prosecuted or not, that doesn't enter into it.

"Mr. Childers: He said it was his fault and we object to that.

"The Court: That seems to be a conclusion, I am not certain whether that is competent, I will rule on it at one o'clock."

Later the court made this ruling:

"Gentlemen of the jury, on reflection I have decided that the evidence of Dr. Simon and John Clark as to what was said by the deceased man Noah Curry to the effect that it was all his fault and he didn't want the man prosecuted isn't competent. I don't think that evidence is competent saying it is all his fault is a mere conclusion on his part and conclusions are not evidence. The jury will have to be the judge of whose fault it was from what happened and not from anybody's conclusion of the fact. The statement that he doesn't want the man prosecuted for it doesn't enter into this case anyway at all, it is not any evidence, that just merely shows his feeling about it and that is not competent, so you will disregard those statements entirely in your deliberation about this case. I am telling you now that evidence isn't competent under the law."

The defendant excepted to this ruling of the court, made it one of his grounds for a new trial, and it is the principal ground he is urging for reversal here. The defendant's position is sound. It is true the phrases, "it wasn't the other fellow's fault," etc., are conclusions of the declarant, and that conclusions or opinions are usually rejected. See Collins v. Commonwealth, 75 Ky.

(12 Bush) 271; Jones v. Com., 46 S. W. 217, 20 Ky. Law Rep. 355; Allen v. Com., 168 Ky. 325, 182 S. W. 176; Cavanaugh v. Com., 172 Ky. 799, 190 S. W. 123; Philpot v. Com., 205 Ky. 636, 266 S. W. 348; Caudill v. Com., 220 Ky. 191, 294 S. W. 1042.

However, there is a different rule when declarations containing opinions or conclusions are offered by the defendant, as will be shown by the cases cited below. Of course, a defendant has as much right to introduce a dying declaration favorable to him as the commonwealth has to introduce one unfavorable to him, but usually it is the commonwealth that offers the dying declaration, and this is the reason given in cases discussing this question. The dying man is usually fresh from the fury of the combat. The passions, engendered by it, have not had time to cool, his ire is still aroused, he has not had time to reflect or to calmly consider what was then said and done, to face his own faults, or to forgive those of his adversary; hence it is a rare thing that he make a declaration containing anything favorable to his adversary. Whatever he says is usually said to his relatives and friends, who, grief-stricken and heart broken, are watching his life ebb away. Their wrath and grief colors and magnifies everything the dying man may say against his adversary so that it is burned into their memories, is not soon forgotten, and is never lessened in their subsequent narration of it. On the contrary, things in the declaration favorable to the one accused of the wounding rarely register in their minds. They make no effort to remember them and often intentionally fail to mention them, and thus it happens the accused rarely learns of the things his dying adversary says favorable to him.

The earliest case we have been able to find is Rex v. Scaife, an English case reported in 1 M. & Rob. p. 552, where the court admitted this:

"I don't think he would have struck me if I had not provoked him."

In Haney v. Com., 5 Ky. Law Rep. 178, 12 Ky. Op. 207, we reversed a judgment for failure to admit this declaration offered by the accused:

"I brought it all on myself; I did not blame John Haney for shooting me; I alone was to blame. I did not think the negro would kill me; I brought it

all about myself; I was to blame for the whole thing.''

We approved the admission of the declaration in Com. v. Matthews, 89 Ky. 287, 12 S. W. 333, 11 Ky. Law Rep. 505. Here the injured man said that. he and the accused were engaged in play, and that the shooting was an accident. This, in our opinion, was under the facts in that case the statement of a fact, more than the giving of an opinion, and the court properly permitted it to be proven.

In Brock v. Com., 92 Ky. 183, 17 S. W. 337, 338, 13 Ky. Law Rep. 450, we reversed the judgment because of the exclusion of a dying declaration thus described:

''When the deceased had given up all hope of recovery, he said to the witness that he (deceased) was wholly to blame for the difficulty, and brought on the trouble himself, and did not want the accused prosecuted.''

We reversed the judgment in Allen v. Com., 134 Ky. 110, 119 S. W. 795, 20 Ann. Cas. 884, because the accused was not permitted to show that after she had been shot, and while she was still lying where she had fallen, Mrs. Tutt said, in substance, that she brought this trouble on herself and she was to blame.

We reversed the judgment in Hatfield v. Com., 230 Ky. 630, 20 S. W. (2d) 461, because the trial court had refused to allow the accused to read as evidence this which is taken from his motion for a continuance:

''She told said witness that the gun went off accidentally; that she was standing by the bureau; that defendant was sitting on the bed loading a shotgun; that without warning the gun went off accidentally and the shot struck decedent; that said shooting and wounding was an accident and without any attempt upon the part of the defendant to do her harm or injury, and that she did not blame him for the shooting that resulted in her death.''

It will be observed, the deceased in this had undertaken to detail the facts connected with the homicide as well as her conclusion based upon them.

We discussed this question with some elaboration in Stewart v. Com., 235 Ky. 670, 32 S. W. (2d) 29. This case has been cited by the United States Supreme Court

in Shepard v. United States, 290 U. S. 96, at page 101, 54 S. Ct. 22, 24, 78 L. Ed. 196, and also in an article by Professor Ireton in 24 Ky. Law Jour. p. 136. In his 1934 Supplement, p. 612, sec. 1447, Wigmore, in his work on evidence, says this is a careful opinion and puts as much reason into this rule as it is capable of possessing; here emphasizing the feature that the declarant "was in a position to know whereof he spoke."

See notes in 25 A. L. R. p. 1370, particularly those on page 1395, and notes in Ann. Cas. 1912C, p. 429, and. C. J. 30, p. 274, sec. 551.

The refusal to admit this declaration as to declarant being in fault was a fatal error, and renders the discussion of other alleged errors unnecessary, so they are reserved and the judgment is reversed.

The whole court sitting.