## Hudson v. Commonwealth.

March 11, 1947.

J. B. Johnson, Judge.

Leonard S. Stephens for appellant.

Eldon S. Dummit, Attorney General, and James A. Inman, Commonwealth Attorney, for appellee.

Opinion of the Court by Morris, Commissioner— Reversing.

The appellant, Leroy Hudson, was indicted for the offense of voluntary manslaughter. The indictment charged that by his gross carelessness, recklessness, and negligence, he ran a motor vehicle over Carol Ellen Wright and killed her. He was tried and convicted and his punishment fixed at confinement in the State Penitentiary for two years.

He alleged three grounds in his motion and grounds for new trial, but on appeal is insisting on only two, namely:

"(1) Because the court erred to the prejudice of defendant's substantial rights in the admission of evidence over defendant's objection as shown in the official stenographer's notes and transcript of evidence here-

in, and in sustaining objections to evidence offered in behalf of defendant, as is also shown by said notes and transcript.

"(2) Because the court erred in instructions given to the jury and in refusing to instruct on the whole law of the case."

On Sunday afternoon, May 5, 1946, the appellant, a colored boy, in company with Walter McShan, also of color, left appellant's home at Stearns, Kentucky, for the purpose of going to Jellico, Tennessee. Appellant was driving a 1936 Ford automobile, traveling south on U. S. Highway 27. When they reached Revelo, about a mile south of Stearns, appellant undertook to pass a car driven by a Mr. Smith, who stated he was traveling about 40 miles per hour. While in the act of passing he saw an approaching car, and in order to avoid a collision, he quickly pulled back on his right side of the highway and in so doing lost control of his car. The car turned over and ran into the yard of Mr. Royce Wright and struck Mr. Wright's little five year old daughter, Carol Ellen, who was playing in a sand pile about 4 feet from the highway. His car went over a 3 or 4 foot retaining wall, then traveled a short distance and went over a cliff and dropped about 15 feet. The defendant and his companion were injured, not seriously however. The child was taken to a hospital and died the following Tuesday.

There is no serious conflict in the testimony relative to the speed the car was traveling at the time, and just prior to the time it went around the car of Mr. Smith. Nor was there conflict as to the manner of driving, that is, the car was zigzagging, and the speeding of the motor sounded as though the accelerator was pushed to the floor board.

The defendant testified that just prior to his approaching the rear of the Smith car, his accelerator had stuck and that he stamped the floor board in attempting to release it, thus accounting for the zigzag movements of the car; that when he put his foot on the accelerator and it did not release, the effect was to increase the rate of speed; that while stamping the floor he had approached closely to the Smith car, and that when he observed this, seeing he could not stop the car without a

collision, he undertook to go around the car, but in attempting to straighten out after he had passed the Smith car he lost control and the car turned over on the right hand side of the road as stated above. His companion corroborates him in this.

We shall first discuss the matter of the error alleged in (2) above. Appellant complains of instruction No. 4, which reads as follows:

"If the jury believe from the evidence, to the exclusion of a reasonable doubt, that the killing of Carol Ellen Wright referred to in the indictment and instruction herein, resulted from an accident occurring otherwise than as set forth in instruction 2 and 3, then they should find the defendant not guilty."

Objection is particularly directed at the expression "to the exclusion of a reasonable doubt." The pronouncements of this court have been so outstandingly explicit, unmistakable, and unambiguous about the use of such an expression in a defensive instruction that it is entirely unnecessary to discuss the matter at length. In Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164, 166, we said:

"The court instructed the jury on voluntary and involuntary manslaughter and accidental homicide. It is urged that the court erred in not defining the words 'gross negligence' 'reckless' and 'wanton' as used in the instructions, and in requiring the jury to believe from the evidence, 'to the exclusion of a reasonable doubt,' the facts relied upon by defendant as constituting accidental homicide. Clearly in defensive instructions the jurors are only required to believe the facts upon which the instruction is based, and are not required to believe such facts to the exclusion of a reasonable doubt, and it is prejudicial error to incorporate these words in such an instruction."

See also Shelton v. Commonwealth, 226 Ky. 460, 11 S. W. 2d 125; Gibson v. Commonwealth, 248 Ky. 601, 59 S. W. 2d 573; Feldman v. Commonwealth, 258 Ky. 277, 79 S. W. 2d 960; and Williams v. Commonwealth, 258 Ky. 830, 81 S. W. 2d 891.

Counsel for appellee concur with this view but take the position that appellant was not entitled to instruction

No. 4. There is no merit in this contention. The court below properly concluded that the facts justified an instruction on accident. The conclusion must perforce follow that the instruction could not be prejudicial. The error rests in the requirement that the jury believe ''to the exclusion of a reasonable doubt.''

Since the judgment must be reversed because of the inclusion in the instruction of this prejudicial error, we deem it unnecessary to discuss No. 1 of the alleged grounds of error, as the facts on another trial may differ somewhat. We might say, however, that if the facts are the same as herein, and are no different, a serious question would be presented as to whether or not the appellant was entitled to a directed verdict.

Wherefore, the judgment is reversed.