## Broughton v. Commonwealth.

### June 6, 1947.

J. B. Johnson, Judge.

R. L. Brown, W. L. Rose and Joe S. Feather for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Dorsey Broughton was indicted for the crime of murder and upon trial found guilty of voluntary manslaughter. A penalty of imprisonment for 10 years was imposed. He seeks a reversal on the following grounds: (1) The trial court erred in overruling the motion of the appellant to direct the jury to return a verdict of not guilty. (2) The court improperly instructed the jury as to the law of the case. (3) The court, over objection of appellant, permitted the jury to hear incompetent evidence which was prejudicial to appellant, and (4) The court, over objection of the appellant, permitted incompetent argument which was prejudicial to the appellant.

Appellant was operating a restaurant in the city of Corbin, in the rear of which he lived with his family. On the evening of May 31, 1946, Grover C. Middleton, and his companion, Ernest Mayfield, went to appellant's place of business. The evidence as to what happened

while they were there is very conflicting. Middleton testified that after they had been there for only a few minutes some one informed him that Mrs. Broughton, wife of appellant, was about to call the officers and that as he was approaching her for the purpose of asking her not to do this, appellant opened fire upon him from within the kitchen; that he was shot in the shoulder, and when he turned to run from the building he was again shot in the hip. He stated that Mayfield, his companion, was about 10 steps from appellant when the appellant shot Mayfield. Middleton recovered but Mayfield, after being taken to the hospital, died about 12 o'clock that same night. There was conflicting evidence about drinking, cursing and the use of obscene and boisterous language and many other conflicts as to what actually took place. Appellant admitted the homicide but claimed that he shot in defense of self and his family.

In view of the contrariety of evidence, we see no merit in appellant's contention under (1) above, since we have, without exception, held that where there is direct conflict in the evidence the weight of the evidence and the credibility of the witnesses are functions peculiarly within the province of the jury. See Taylor v. Commonwealth, 301 Ky. 109, 190 S. W. 2d 1003.

Appellant next complains that the court improperly instructed the jury as to the law of the case. We must agree with appellant in this contention. Number 5 of the instructions reads as follows: "If the jury shall believe from the evidence, to the exclusion of a reasonable doubt, that the deceased, Ernest Mayfield, and the witness, Grover C. Middleton, or either of them, after entering the defendant's restaurant and place of business, and in the presence and hearing of the defendant and his family or guests or customers, used threatening language or assaulted any of the members of the defendant's family or customers or guests * * *."

It will be noted here the jury is required to believe from the evidence to the exclusion of a reasonable doubt the facts necessary to authorize an acquittal on the grounds of self-defense. This was error. Angel v. Commonwealth, 289 Ky. 281, 158 S. W. 2d 640; Hudson v. Commonwealth, 304 Ky. 220, 200 S. W. 2d 462.

Since the judgment must be reversed on ground (2)

above, it might appear entirely unnecessary to discuss the questions raised in (3) and (4) above, yet, we deem it best to discuss them and thus avoid a repetition of possible errors. The incompetent evidence complained of under (3) consists of the statement of the deceased just prior to his death. After being taken to the hospital he stated to the nurse that he was dying and said: "What did he shoot me for?" It will be observed that the above statement contains no fact, nor does it indicate in any way what either the deceased or appellant was doing at the time of the shooting. He merely asked the question, "What did he shoot me for?" A statement that would be inadmissible as a conclusion, were the declarant living and present to testify, is not admissible merely because the declarant's death was impending. See Annotations 96 A. L. R. 703. We held in Philpot v. Commonwealth, 205 Ky. 636, 266 S. W. 348, that the dying declaration "I have been shot for nothing" was nothing more than a mere conclusion. The statement in the instant case is not as strong as that in the Philpot case. We think the court improperly admitted it.

Number (4) above goes to argument of Commonwealth Attorney. We would not say that the matters as raised with respect thereto were prejudicial, at least so much so as would constrain us to reverse if that were the only reason. However, we would suggest that on another trial the Commonwealth Attorney refrain from that type of argument.

For the reason stated above the judgment is reversed.