## Broughton v. Commonwealth.

January 14, 1949.

128

W. L. Rose, R. L. Brown and Joe Feather for appellant.

A. E. Funk, Attorney General, and John M. Kinnaird, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appeal is from a conviction of voluntary manslaughter and a penalty of two years imprisonment. The appellant, Dorsey Broughton, was previously convicted of the same crime and a penalty of ten years imprisonment imposed upon him, but the judgment was reversed. Broughton v. Commonwealth, 305 Ky. 66, 202 S. W. 2d 1014. A reference to that opinion is made for the facts.

During the course of the preliminary examination of Middleton as to his acquaintance and association with Mayfield, the man killed, he was asked and stated that they had been in the Army together. The father of the deceased in describing the disability of his son's right arm stated that he had suffered it in the service. This reference is not of the character of evidence condemned in Moore v. Commonwealth, 298 Ky. 14, 181 S. W. 2d 413, and elsewhere. The evidence was relevant and important to show the deceased's disability in view of the fact that the defendant claimed he killed him in self-defense. The relative physical condition of the parties under such defense is relevant for it goes to proving who may have been the aggressor and affects the question of danger to be apprehended by the defendant. It was not material as to the deceased's services in the Army, but the introduction of the evidence cannot have been prejudicial.

The fact that other persons than the immediate parties were drinking whiskey in the defendant's restaurant at the time was relevant as res gestae, showing the general situation.

McWhorter, introduced by the defendant, related on cross examination that, when Mayfield had arisen from the floor after being shot, he asked him, "Who done the shooting?" and Mayfield replied, "I don't know." The

appellant submits that this was incompetent as being the declaration of one not a participant and not part of the res gestae. While the question was asked by a bystander, the answer and statement was that of the victim. It was made substantially contemporaneously and was clearly competent. Commonwealth v. Hargis, 124 Ky. 356, 99 S. W. 348, 30 Ky. Law Rep. 510; Rogers v. Commonwealth, 161 Ky. 754, 171 S. W. 464; Deacon v. Commonwealth, 162 Ky. 188, 172 S. W. 121.

Complaint is made as to the conduct of the county attorney in his cross examination of the defendant. Several questions were asked him in which reference was made to his place of business and residence being on Depot Street in Corbin. There being nothing in the record to indicate its significance, it is not possible for us to say that there was anything improper in showing this fact. In a number of instances the defendant's attorney interjected objections to the county attorney interrupting the witness before he had finished his answers, and to the county attorney "screaming at the witness" and "scaring him." The attorney denied that he was doing so. The court directed him to wait until the witness could answer his questions and admonished both attorneys to keep within due bounds. The complaint of misconduct consists only of charges made by the defendant's counsel. Nowhere in the record is there any certification by the court as to the manner or attitude of the county attorney. The record does not establish misconduct.

The grounds upon which the judgment is sought to be reversed are without merit. Judgment affirmed.