## Gabbard v. Commonwealth.

December 8, 1950.

W. R. Prater, Judge.

Dan T. Martin for appellant.

A. E. Funk, Attorney General, Squire N. Williams, Assistant Attorney General, for appellee.

CLAY, COMMISSIONER—Affirming.

Appellant was convicted of the crime of having carnal knowledge of a female child under the age of 18 years, and his punishment was fixed at confinement in the penitentiary for five years. The facts in the case are set out in Gabbard v. Commonwealth, 308 Ky. 165, 214 S. W. 2d 87, wherein we reversed a former judgment because of error in the instructions.

On this appeal appellant's principal contention is that the indictment charged only a misdemeanor because it failed to allege appellant was over the age of 21 years, and the Court erred in giving a felony instruc-

tion. The indictment accused appellant of the crime of rape upon a female above 12 years of age, and alleged that he did unlawfully and feloniously commit the assault "forcibly against the will and consent" of the prosecutrix. The indictment was obviously framed under the provisions of KRS 435.090. This section says nothing about the age of the accused.

The following section, KRS 435.100, covers the crime of carnal knowledge *with consent* of a female child under the age of 18. Different degrees of the crime are set forth in the subsections, and subsection 2 provides a penalty by way of a fine if the accused male person is between the ages of 17 and 21.

As above noted, appellant was indicted for the crime of rape under KRS 435.090. On the former appeal we determined that there was evidence that the prosecutrix had consented, and we held that an instruction under KRS 435.100 should have been given. This section simply sets forth lessor degrees of the crime of rape, dependent upon consent and the ages of the prosecutrix and the accused. However, it seems obvious that the lesser degrees of the crime need not be set forth in the indictment. The precise question we have before us was considered and determined in Merriss v. Commonwealth, 287 Ky. 58, 151 S. W. 2d 1030. There we held that the age of the defendant need not be alleged in the indictment for rape. We think the reasoning in that opinion and the decision in the case are conclusive.

Appellant relies on Hewitt v. Commonwealth, 216 Ky. 72, 287 S. W. 223. A reading of that case shows the crime charged in the indictment was that of having carnal knowledge of a female under the age of 16, apparently with her consent. This indictment was obviously based on Section 435.100, and the indictment under that section should properly contain an allegation of the age of the accused. This case is no authority, however, where the crime charged is rape under Section 435.090.

Appellant makes the further contention that the verdict is not sustained by the evidence, and was the result of passion and prejudice. The defense was an alibi. Five witnesses testified concerning appellant's presence at other places during the afternoon when, according to the prosecutrix' testimony, he was with her in

an automobile. The prosecutrix' identification of appellant was positive. Deciding whose testimony shall be accepted as true is the important function of the jury. There was substantial evidence both ways, and on two occasions juries have accepted the prosecutrix' story. With substantial evidence to support it, we cannot usurp the jury's function and reach a different conclusion on this question of fact.

The judgment is affirmed.