### KEATHLEY v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 29, 1953.

W. A. Daugherty, Pikeville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellant, Jack Keathley, was convicted of storehouse breaking, an offense denounced by KRS 433.190, and was sentenced to 2 years in prison. Two grounds are urged for reversal: (1) The verdict is flagrantly against the evidence; and (2) erroneous instructions.

In support of appellant's first contention it is insisted that the identity of appellant as one of the perpetrators of the crime was not established. On this point, John Tanner, manager of the Emperor Coal Company's Store at Freeburn, testified that at approximately 5:00 o'clock on the morning of December 2, 1951, he caught the appellant coming out of the Emperor Coal Company's Store immediately after its burglar alarm had sounded. We quote Mr. Tanner's testimony:

"Beyond a question of doubt he (appellant) is the man I caught coming out of the store. I talked with him approximately an hour in the presence of Jack Mills and Mr. Burnette."

Mr. R. E. Burnette, Police Judge of Freeburn, testified that when he arrived at Emperor Coal Company's Store on the occasion in question, John Tanner was holding appellant and awaiting help to deliver the accused to the sheriff. Later, appellant escaped custody.

Notwithstanding appellant's alibi that he was at his mother's home at the time the crime was committed, the evidence offered in behalf of the Commonwealth was clearly sufficient to make an issue for the jury. Gabbard v. Commonwealth, 314 Ky. 240, 234 S.W.2d 752; Mitchell v. Commonwealth, 312 Ky. 665, 229 S.W.2d 450; Cline v. Commonwealth, 312 Ky. 645, 229 S.W.2d 435; Muncie v. Commonwealth, 308 Ky. 155, 213 S.W.2d 1019; Kitchen v. Commonwealth, 291 Ky. 756, 165 S.W.2d 547; Kidd v. Commonwealth, 273 Ky. 300, 116 S.W.2d 636; Bardin v. Commonwealth, 191 Ky. 651, 231 S.W. 208. With substantial evidence to support the verdict, we cannot usurp the jury's function and reach a different conclusion on this question of fact. Moore v. Commonwealth, 301 Ky. 851, 193 S.W.2d 448, 163 A.L.R. 1134 and authorities therein cited.

Appellant's next complaint is, that instruction No. 1 is erroneous. We have examined this instruction and find that it substantially follows the language of the statute under which the indictment was brought. The gravamen of the offense described in KRS 433.190 is breaking with intent to steal; and the consummation of such intent by the actual stealing and taking away need not be shown, although such evi-

dence is competent and desirable in proof of the intent of the accused. Wilson v. Commonwealth, Ky., 258 S.W.2d 497; Scalf v. Commonwealth, 228 Ky. 234, 14 S.W.2d 759. Although the instruction given was not artfully drawn, it embraced the essential elements of the offense that the Commonwealth had to prove to establish appellant's guilt. See, Stanley's Instructions to Juries, Section 828. We do not believe the jury was misled or confused by the instruction given.

Judgment affirmed.