Shade WHITAKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 15, 1957.

Rehearing Denied June 21, 1957.

C. A. Noble, Jr., Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Shade Whitaker was indicted for a violation of KRS 435.170 in maliciously shooting at and wounding Fontaine Napier, Roy Mullins, and T. J. Napier. A severance was granted. Appellant was tried and convicted of shooting at and wounding Fontaine Napier. His punishment was fixed at two years' confinement in the state reformatory.

It is urged on this appeal that: (1) a directed verdict in favor of the defendant should have been granted; (2) an affirmative instruction covering the defense of alibi should have been given; (3) competent testimony was rejected; and (4) the trial judge made prejudicial remarks concerning the rejection of the testimony.

The old phrase "cherchez la femme" suggests the key to the evening's trouble. The record indicates that there was competition among the young or unattached men of the Grapevine section of Perry County for the company of Martha Grigsby, a widow, and Eula Jean, her daughter. It is unnecessary to detail all of the evidence in order to consider the contentions made.

The shooting occurred near the mouth of Mudlick on Grapevine Creek. It took place on April 12, 1956, between 8 and 9 p. m. Fontaine Napier was riding in the cab of a truck driven by Fred Mullins. Jim Bush was also seated in the cab. Roy Mullins, T. J. Napier, and Beecher Holliday were riding in the bed part of the truck. As the truck met a car, the car stopped, partially blocking the road. Six shots were fired at the occupants of the truck as it was driven around the car. Roy Mullins, Fontaine Napier, and T. J. Napier were wounded.

Fontaine Napier, Fred Mullins, and Roy Mullins testified that they had known appellant prior to the shooting. Each said that he saw and recognized appellant as the man with a pistol in hand who stepped from the car and attempted to stop the truck. They identified Whitaker as the man who fired the shots. T. J. Napier said that he did not see who did the shooting. The other occupants of the truck did not testify. Hershell Daniels said that he had known Whitaker many years and recognized his voice. Daniels was standing outside his home which was close by.

For the defense, it was shown that appellant had attended services at Chavies Church, not far from where the shooting took place. He was in the company of Martha Grigsby. At the approximate time of the shooting, appellant testified, he had gone with "Marthie", Eula Jean Grigsby, Pearlie Godsey, and Dick Noble to get a warrant for Fred Mullins for "disturbin' "

at the church, arising from a difficulty between Dick and Fred. Noble and the two Grigsby women did not testify, although the record indicates that they were with the appellant. In addition to the alibi evidence, Ernest White and his wife testified that the truck in which Fontaine Napier was riding forced their car off the road and that Ernest White fired the six shots into the truck after the occupants cursed him.

■ Upon this proof, appellant contends that the evidence is as consistent with innocence as with guilt and that a directed verdict should have been granted in his favor. He relies upon Gibson v. Commonwealth, Ky., 290 S.W.2d 603, wherein the only evidence was circumstantial and inconclusive. In the instant case, there was direct and positive proof of appellant's guilt; hence, the rule in the Gibson case does not apply. The evidence introduced in behalf of appellant was in direct conflict with the prosecution testimony. In such case, the credibility of the witnesses is a matter within the province of the jury in making its verdict. The trial court correctly refused to grant a directed verdict. Gabbard v. Commonwealth, 314 Ky. 240, 234 S.W.2d 752; Shepherd v. Commonwealth, Ky., 277 S.W.2d 42; Hartman v. Commonwealth, Ky., 282 S.W.2d 48.

■ Appellant urges that the court failed to give an instruction covering his defense of alibi and thus erred in failing to give the whole law of the case. The rules governing the right of an accused to an instruction covering his theory of the case are clearly set forth and fully discussed in Reynolds v. Commonwealth, Ky., 257 S.W.2d 514, 515. The rule applicable to the instant case "is to the effect that where the instruction submitting the Commonwealth's theory of the case is couched in such language the ordinary juror can easily understand, and its negative (raised by the usual reasonable doubt instruction) completely and adequately covers the defense of accused, it is not necessary to give an affirmative instruction embodying his theory." Horn v. Commonwealth, Ky., 251 S.W.2d 864.

An affirmative instruction covering the special defense of alibi is not authorized. Smith v. Commonwealth, 122 Ky. 444, 91 S.W. 1130, 29 Ky.Law Rep. 17; Edmonds v. Commonwealth, 204 Ky. 495, 264 S.W. 1100; Chaney v. Commonwealth, 286 Ky. 434, 150 S.W.2d 10. See also Roberson's Criminal Law and Procedure, Section 1889, page 2005. Monson v. Commonwealth, Ky., 294 S.W.2d 78, cited by appellant, is in accord with these rules since it concerns a special defense based on confession and avoidance. The case of Noble v. Commonwealth, Ky., 295 S.W.2d 343, is not in point since it was there held that the defense of the accused was not adequately covered by the instructions embodying the prosecution's theory of the case. The trial court properly instructed the jury.

■ Ernest White, who testified that he did the shooting complained of, said that the truck ran him and his wife off the road. He said that "they", identified only as Fred Mullins and Bill Napier's boy, threatened to kill him and used abusive language, unnecessary to repeat here. An objection was sustained to the statement although White attempted to repeat it a third time. Appellant urges that the statement was improperly rejected and that the remarks of the trial judge were prejudicial. The trial judge instructed the jury not to consider the statement for any purpose and ordered the witness not to persist in making the statement.

The jurors heard the statement of the witness, but we can only conjecture as to whether or not they obeyed the court's admonition to disregard it and as to the possible effect of the statement. The jurors, by their verdict, rejected the admitted testimony of White and his wife. There is nothing in the record to indicate that the jury would have believed the rejected statement. The trial court's ruling was proper.

No objection was offered to the remarks of the trial judge made when excluding the statement. The remarks in the record have been read. Nothing was said by the judge except what was necessary. We find nothing unfair or prejudicial to the rights of the accused in the remarks. Howell v. Commonwealth, 313 Ky. 662, 233 S.W.2d 270.

Judgment affirmed.